UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dean Street Capital Advisors, LLC, | Case No. 17-CV-01781 (RHK/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO ANSWER OR OTHERWISE RESOND TO PLAINTIFF'S COMPLAINT** |
| Otoka Energy, LLC; Buena Vista Biomass Development, LLC; Buena Vista Biomass Power, LLC; Amador Biomass, LLC; State Street Bank and Trust Company; and Antrim Corporation, | |
| Defendants. | |

## INTRODUCTION

This is a straightforward action with straightforward facts that involves straightforward law. Despite the relative simplicity of this case compared to many commercial disputes, Defendants seek a 30-day extension (51 days from service of the Complaint) to answer or otherwise respond in this matter. As detailed herein, the allegations underlying this lawsuit cannot come as a surprise to Defendants. But Defendants have not demonstrated the requisite good cause for the extension that they seek. Further, the record does not demonstrate that they genuinely interested in moving forward the discussions regarding early mediation in a prompt manner. Accordingly, Plaintiff Dean Street Capital Advisors, LLC ("Dean Street") requests that the Court deny Defendants' motion for an extension.

# BACKGROUND

I. **Background Giving Rise to This Litigation.**

Defendant Buena Vista Biomass Development, LLC ("BVBD") is a Delaware limited liability company with its principal place of business located in Sioux Falls, South Dakota. (Compl. dated May 26, 2017 [Dkt. #1] ¶ 4.) Prior to 2008, BVBD began to develop a wood-fired biomass power plant in Ione, California (the "Plant"). (*Id.* ¶ 15.) All of the Defendants in this action have been owners, operators, and/or lenders to the Plant over time.

Plaintiff Dean Street is a New York limited liability company with its principal place of business in Brooklyn, New York. (Compl. dated May 26, 2017 [Dkt. #1] ¶ 2.) Dean Street provides consulting services to entities seeking to raise capital. (*Id.*) In early 2012, Dean Street began providing services to the entities involved in the Plant in connection with the potential purchase and sale of the Plant from BVBD to Defendant Amador Biomass, LLC ("Amador"). (*Id.* ¶ 16.) Also contemplated was a tax equity transaction among Defendants Amador, Otoka Energy, LLC ("Otoka") and Antrim Corporation ("Antrim"), which closed on or about June 28, 2012. (*Id.*)

As part of the transaction, each Defendant orally agreed and promised to Dean Street that Dean Street would be paid for services rendered in conjunction with the purchase and sale of the Plant and the tax equity transaction. (*Id.* ¶ 17.) Contemporaneous contracts and other documents between and among Defendants reflected their understanding and expectation that Dean Street would be paid for services

2

rendered. (*Id.* ¶¶ 18-19.) But Defendants failed to pay Dean Street when invoiced. (*Id.* ¶ 20.)

Following consummation of the transaction, all obligations of BVBD to Plaintiff were assumed and guaranteed in writing by Amador, and the obligations of Amador were also assumed and guaranteed in writing by BVBD. (*Id.* ¶ 22.) In November 2012, Defendant State Street Bank and Trust Company ("State Street") drafted a side agreement with Otoka whereby the latter would lend Amador $10 million rather than State Street putting in $10 million in equity, as contemplated by the tax equity transaction documents. (*Id.* ¶ 23.) The loan made by Otoka was supposed to be used to help clear outstanding accounts payable. (*Id.* ¶ 24.) But as part of the side agreement, the use of the proceeds of the debt infusion by Otoka into Amador had to be expressly approved by State Street/Antrim, meaning that State Street and Antrim needed to approve any payment to Dean Street from the $10 million in funds coming into Amador from Otoka. (*Id.* ¶ 23.) Following the November side agreement, State Street and Otoka were both involved in deciding which entities would be paid and which ones would not. (*Id.* ¶ 24.)

The amount owed to Dean Street was an account payable at the time the loan was made, but Defendants decided not to pay Dean Street the money due and owing. (*Id.*) State Street (and its subsidiary, Antrim), knew that Dean Street provided valuable services that allowed the tax equity transaction to become a reality, knew that Dean Street was entitled to be paid for its services, and acknowledged that a debt was owed to Dean Street by Defendants. (*Id.* ¶ 26.) State Street and Antrim restructured the original tax equity transaction through the side agreement, giving themselves the power to control

who was paid from the $10 million loan made by Otoka to Amador. (*Id.*) State Street and Antrim then caused Dean Street not to be paid. (*Id.*)

## II. Background of the Pending Motion.

Dean Street filed its Complaint in this matter on May 26, 2017. (*See, generally*, Compl.) There was a prior action in federal court in New York that was dismissed for procedural reasons. That Complaint states causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, unjust enrichment, promissory estoppel and account stated. (*Id.* ¶¶ 30-62.)

On June 12, 2017, counsel for BVBD, Amador and Defendant Buena Vista Biomass Power, LLC (the "Otoka Defendants") reached out to counsel for Dean Street by telephone to request an extension of time to respond to the Complaint. (Declaration of Arthur G. Boylan dated June 28, 2017 ("Boylan Decl.") ¶ 2.) Counsel for Dean Street followed up by email on Friday, June 16, 2017, indicating that he was willing to entertain the request and further requesting information that he believed was important in choosing an efficient path toward, hopefully, resolving outstanding issues between the parties. (*Id.* ¶ 3.) Counsel for Dean Street further indicated his belief that the parties would be well-served to engage a neutral to mediate the dispute before the parties get too far down the road in litigation. (*Id.*) Dean Street's counsel believed that it would make sense for the parties to grant each other extensions of time to respond to discovery in an action that arises from the Plant as well, and for Dean Street to provide an extension of time for

4

Defendants to respond to the Complaint, in the event that the parties could agree to an alternative dispute resolution process. (*Id.*)[1]

When counsel for Dean Street did not hear anything back from counsel for the Otoka Defendants over the following days, he reached out by email on Tuesday, June 20, 2017—i.e., the day before Defendants' response to the Complaint was due—to again ask about alternative dispute resolution and to ask whether the parties should put together a stipulation to extend the deadline for responding to the Complaint. (*Id.* ¶ 4.) Several hours later, the Otoka Defendants' counsel responded with a draft stipulation providing for a 30-day extension but did not provide any indication of whether Defendants would be willing to mediate. (*Id.*) Counsel for Dean Street responded that he needed to obtain client authorization for such a significant extension but did not expect to get it without agreement to the mediation concept. (*Id.*)

In response, counsel for the Otoka Defendants indicated that Defendants would bring a motion for a month extension. (*Id.* ¶ 5.) Dean Street's counsel immediately responded and asked whether motion practice could be avoided if Dean Street provided a two-week extension. (*Id.*) Counsel for the Otoka Defendants responded that Defendants need a month to respond but provided no rationale for seeking such a long extension

---

[1] The other action is *Strategic Energy Concepts, LLC v. Otoka, LLC; Buena Vista Biomass Development, LLC; Buena Vista Biomass Power, LLC; Amador Biomass, LLC; State Street Bank and Trust Company; and Antrim Corporation*, Court File No. 16-cv-13-463-MJC-BRT (the "Strategic Energy Action").

5

other than to indicate that this is the "first request for an extension regarding this particular pleading . . . ." (*Id.*)

The following day, on June 21, 2017, Defendants filed the instant motion. (*See* Defs.' Mem. of Law in Supp. of Their Joint Mot. to Extend Deadline to Answer or Otherwise Respond to Pl.'s Compl. dated June 21, 2017 [Dkt. #13] ("Defs.' Mem.").) The memorandum relies almost exclusively on the notion that the parties are planning to go to early mediation. Two days later, on Friday, June 23, counsel for Dean Street again reached out to counsel for the Otoka Defendants in an effort to determine whether the Defendants would agree to early mediation. (Boylan Decl. ¶ 6.) Counsel for Dean Street did not hear back until Tuesday, June 27, 2017. (*Id.*) At that point, counsel for the Otoka Defendants indicated that it appeared that the parties would agree to early mediation and further indicated that, if so, counsel should consider filing a stipulation for extension of deadlines so that the Court knows what is happening. (*Id.*) Counsel for Dean Street followed up by means of a June 27, 2017, email requesting a draft stipulation for review. (*Id.* ¶ 7.)

On the morning this memorandum was due, counsel for Otoka sent a draft stipulation seeking to extend the time to respond by 90 days—but making no formal commitment to a date by which mediation must occur via that stipulation. (*Id.*) Counsel for Dean Street immediately responded that a mediator and a mediation date should be included in the stipulation and suggested multiple mediators. (*Id.*) Counsel for Dean Street also emailed three respected mediators to ascertain their availability. Counsel for Otoka responded that they would need to confer with the counsel for Defendants and

6

would respond with suggestions for other mediators. (*Id.*) Other than that, as of the filing of this memorandum, none of the Defendants have responded. In the absence of agreement, State Street files this opposition to Defendants' motion for an extension.

## **ARGUMENT**

Rule 6(b)(1)(A) provides that the Court may extend the time to respond to a complaint "for good cause . . . with or without motion or notice of the court acts, or if a request is made, before the original time for its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Here, Defendants filed a motion to extend on the date that their answer to the Complaint otherwise would have been due. But they have failed to meaningfully demonstrate "good cause" for the requested extension, much less good cause for an extension beyond the two-week extension which Dean Street had already offered.

There is no good cause for the month-long extension that Defendants seek. The claims in this action are fairly standard—breach-of-contract, unjust enrichment, etc.—and the facts are readily understandable from the face of Dean Street's 12-page Complaint. This is not an action with a 100-page operative pleading; this is not an action that requires Defendants to conduct an in-depth investigation of as-yet unknown facts to allow them to fairly respond to the Complaints allegations with admissions or denials;[2] and this is not an action involving complex, nuanced or specialized areas of law. Defendants simply do

---

[2] Indeed, both the parties and their counsel are intimately familiar with the facts giving rise to this litigation as a result of their participation in the Strategic Energy Action.

not need 51 days from service of the Complaint to respond to it, whether they do so by answer or by motion.

Defendants nevertheless assert one principal argument to the contrary: more time for them to respond to the Complaint is necessary because the parties have discussed the potential for an early mediation. (*See* Defs.' Mem. at 3-5.) But Defendants have failed to meaningfully articulate how responding to the Complaint and attempting to plan an early mediation are mutually exclusive endeavors. They are not. And although Defendants have thus far given lip service to the potential for early resolution of the action, they have failed to commit to a procedure by which that can be accomplished despite repeated requests by Dean Street's counsel. All of this smacks of game-playing and delay tactics.

It is uncertain at this point whether Defendants are truly committed to attempting to get this action resolved via early mediation, or whether they are using the specter of early mediation as a basis to delay this litigation. Whatever the case, they have failed to demonstrate good cause sufficient to justify an extension of the length that they seek.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Defendants' motion be denied.

Dated: June 28, 2017	**ANTHONY OSTLUND BAER & LOUWAGIE P.A.**

By: *s/ Arthur G. Boylan*
　　Arthur G. Boylan (#338229)
　　aboylan@anthonyostlund.com
　　Steven C. Kerbaugh (#0390429)
　　skerbaugh@anthonyostlund.com
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 349-6969
Facsimile: (612) 349-6996

**ATTORNEYS FOR PLAINTIFF**