

July 19, 2017

**Steven C. Kerbaugh**
skerbaugh@anthonyostlund.com

*Via ECF and Email*
The Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:     *Dean Street Capital Advisors, LLC v. Otoka Energy, LLC, et al.*
         **Case No. 17-CV-01781 (RHK/DTS)**

Dear Magistrate Judge Schultz:

At the July 11, 2017 hearing on Defendants' Joint Motion to Extend Deadline to Answer or Otherwise Respond to Complaint (ECF No. 11) in this matter, the parties discussed their desire to schedule an early mediation and their agreement that the deadline for Defendants to respond to the Complaint could be postponed pending mediation.  The Court then requested that the parties inform it of their selected mediation date by July 19, 2017.

The parties have agreed to mediation with Judge John Borg (Retired) on August 7, 2017.  They have also attempted to negotiate a stipulation to inform the Court of as much, and to request that the litigation be stayed pending a declared impasse if the mediation proves unsuccessful.  Unfortunately, it appears as if the parties are in disagreement with regard to one provision of the stipulation.

That provisions relates to who will attend the mediation on behalf of the parties.  Plaintiff Dean Street Capital Advisors, LLC ("Dean Street") proposed the following language:[1]

> Counsel who will actually try the case and each party, armed with full settlement authority, shall attend mediation with Judge John Borg (Retired) on August 7, 2017.  In addition to counsel, each party must arrange for the in-person attendance of a person with full authority to engage in settlement discussions (*i.e.*, a person who has the power to change that party's settlement position during the course of the mediation) at the mediation.

Dean Street understands such language to be akin to language commonly used by magistrate judges in this District.  It also believes that such language is appropriate to ensure the effectiveness of the mediation because in the event that a party representative has limited authority to negotiate, it becomes

---

[1] Copies of Dean Street's stipulation and proposed order are attached hereto as <u>Exhibit A</u>.

more likely that the case will not be resolved and sends a message to the other parties that the party represented by an individual with capped authority is not taking the mediation process seriously.

Unfortunately, it appears that the Defendants are unwilling to agree to Dean Street's proposed language. As much is demonstrated by the correspondence attached hereto as Exhibit B, and the redlined drafts of the stipulation and proposed order provided by Defendants and attached hereto as Exhibit C. As the Court can see, Defendants proposed removing the language regarding the party representatives having full settlement authority.

Given the importance of the parties participating in the mediation in good faith and being able to fully engage in settlement discussions, Dean Street respectfully requests that the Court enter an order comparable to that attached hereto as Exhibit D, which includes a requirement that the each party be represented at the mediation by an individual with full settlement authority.

Please do not hesitate to contact me if the Court has any questions or would like the parties to schedule a call with the Court on the issue.

Very truly yours,

ANTHONY OSTLUND
BAER & LOUWAGIE P.A.

*s/ Steven C. Kerbaugh*

Steven C. Kerbaugh

SCK/djs
Enclosures

cc:     All Counsel of Record

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dean Street Capital Advisors, LLC,

Case No. 17-CV-01781 (RHK/DTS)

Plaintiff,

v.

**STIPULATION TO STAY ACTION
PENDING MEDIATION**

Otoka Energy, LLC; Buena Vista Biomass
Development, LLC; Buena Vista Biomass
Power, LLC; Amador Biomass, LLC;
State Street Bank and Trust Company; and
Antrim Corporation,

Defendants.

WHEREAS, Plaintiff Dean Street Capital Advisors, LLC ("Dean Street") and

Defendants Otoka Energy, LLC, Buena Vista Biomass Development, LLC, Buena Vista

Power, LLC, Amador Biomass, LLC,[1] State Street Bank and Trust Company, and Antrim

Corporation[2] have agreed to early private mediation on August 7, 2017 with Judge John

Borg (Retired) in an effort to resolve the claims and defenses at issue in this litigation;

WHEREAS, the parties thus agree that there is good cause to extend the deadline

for the Defendants to move, answer or otherwise respond to the Complaint (Dkt. #1) in

this matter; and

---

[1] Collectively, Defendants Otoka Energy, LLC, Buena Vista Biomass Development,
LLC, Buena Vista Power, LLC, and Amador Biomass, LLC are referred to herein as the
"Otoka Defendants."

[2] Collectively, Defendants State Street Bank and Trust Company, and Antrim
Corporation are referred to herein as the "State Street Defendants."

# EXHIBIT A

WHEREAS, the parties further agree that there is good cause to stay this litigation, including any discovery, pending that mediation;

NOW THEREFORE, Dean Street, the Otoka Defendants, and the State Street Defendants, through their undersigned counsel, hereby stipulate and agree as follows:

1.     Counsel who will actually try the case and each party, armed with full settlement authority, shall attend mediation with Judge John Borg (Retired) on August 7, 2017. In addition to counsel, each party must arrange for the in-person attendance of a person with full authority to engage in settlement discussions (*i.e.*, a person who has the power to change that party's settlement position during the course of the mediation) at the mediation.

2.     This litigation, including any and all discovery, shall be stayed until an impasse is declared following the August 7, 2017 mediation in the event that the parties do not resolve this matter.

3.      Defendants, without waiver of any defenses or counterclaims, shall have through and including 14 days after the declaration of an impasse following the August 7, 2017 mediation to move, answer or otherwise respond to the Complaint.

4.     The parties stipulate to entry of an order so providing.

Dated: July 19, 2017

**ANTHONY OSTLUND BAER &
LOUWAGIE P.A.**

By: *s/ Arthur G. Boylan*
    Arthur G. Boylan (#338229)
    aboylan@anthonyostlund.com
    Steven C. Kerbaugh (#0390429)
    skerbaugh@anthonyostlund.com
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 349-6969
Facsimile: (612) 349-6996

**ATTORNEYS FOR PLAINTIFF**

Dated: July 19, 2017

**STOEL RIVES LLP**

By: _____
    Eric A. Bartsch (#243723)
    Margaret E. Dalton (#387357)
    Andrew J. Pieper (#389262)
33 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 373-8800
Facsimile: (612) 373-8881
eric.bartsch@stoel.com
maggie.dalton@stoel.com
andrew.pieper@stoel.com

**ATTORNEYS FOR THE OTOKA
DEFENDANTS**

3

Dated:  July 19, 2017                    **WINTHROP & WEINSTINE P.A.**

By: _____
     Brooks F. Poley (#0185139)
     225 South Sixth Street, Suite 3500
     Minneapolis, MN 55402
     Telephone:  (612) 604-6400
     Facsimile:  (612) 604-6800
     bpoley@winthrop.com

     **ATTORNEYS FOR THE STATE
     STREET DEFENDANTS**

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dean Street Capital Advisors, LLC,

Plaintiff,

v.

Otoka Energy, LLC; Buena Vista Biomass
Development, LLC; Buena Vista Biomass
Power, LLC; Amador Biomass, LLC;
State Street Bank and Trust Company; and
Antrim Corporation,

Defendants.

Case No. 17-CV-01781 (RHK/DTS)

**[PROPOSED] ORDER TO STAY
ACTION PENDING MEDIATION**

Pursuant to the Stipulation to Stay Action Pending Mediation (ECF No. __),

entered into by the parties, **IT IS HEREBY ORDERED** that the Stipulation (ECF No.

__) is **ADOPTED.**

1.      Counsel who will actually try the case and each party, armed with full

settlement authority, shall attend mediation with Judge John Borg (Retired) on August 7,

2017. In addition to counsel, each party must arrange for the in-person attendance of a

person with full authority to engage in settlement discussions (*i.e.*, a person who has the

power to change that party's settlement position during the course of the mediation) at the

mediation.

2.      This litigation, including any and all discovery, shall be stayed until an

impasse is declared following the August 7, 2017 mediation in the event that the parties

do not resolve this matter.

3.    Defendants, without waiver of any defenses or counterclaims, shall have

through and including 14 days after the declaration of an impasse following the August 7,

2017 mediation to move, answer or otherwise respond to the Complaint.


Dated:_____          _____
                                Honorable David T. Schultz
                                United States Magistrate Judge
                                District of Minnesota

# EXHIBIT B

**Steven C. Kerbaugh**

| | |
|---|---|
| **From:** | Steven C. Kerbaugh |
| **Sent:** | Wednesday, July 19, 2017 9:25 AM |
| **To:** | 'Dalton, Maggie E.'; Bartsch, Eric A.; Pieper, Andrew J.; 'BPoley@winthrop.com'; 'scarnathan@ocmlaw.net' |
| **Cc:** | Arthur G. Boylan |
| **Subject:** | RE: Strategic Energy Concepts, LLC v. Otoka Energy, LLC, et al./Dean Street Capital Advisors, LLC v. Otoka Energy, LLC, et al. |

Maggie:

Thanks for getting back to me.

We are ok with your edit regarding a mediator-declared impasse, but we are concerned about your proposed edits regarding authority. The language that we included in the initial drafts is akin to that routinely contained in orders for settlement conferences issued by District of Minnesota magistrate judges. And we did not think that including language requiring the attendance of party representatives with full settlement authority would be controversial. Your edits suggest that one or more of the defendants plans to send an individual with capped, or otherwise limited, authority. Is that the case? If so, we are concerned that such a party is not prepared to take the mediation process seriously.

Regards,

Steve

**AnthonyOstlund**
BAER & LOUWAGIE

**Steven C. Kerbaugh** | Attorney, Shareholder
**Anthony Ostlund Baer & Louwagie P.A.**
90 South 7th Street, Suite 3600 | Minneapolis, MN 55402
P 612.349.6969 | F 612.349.6996

website | bio | my LinkedIn | vCard | map | email 

Assisted by: Deanna Stower | 612.492.8232 | dstower@anthonyostlund.com

This email may contain confidential and/or private information.
If you received this email in error please delete and notify sender.

**From:** Dalton, Maggie E. [mailto:maggie.dalton@stoel.com]
**Sent:** Tuesday, July 18, 2017 3:23 PM
**To:** Steven C. Kerbaugh <SKerbaugh@anthonyostlund.com>; Bartsch, Eric A. <eric.bartsch@stoel.com>; Pieper, Andrew J. <andrew.pieper@stoel.com>; 'BPoley@winthrop.com' <BPoley@winthrop.com>; 'scarnathan@ocmlaw.net' <scarnathan@ocmlaw.net>
**Cc:** Arthur G. Boylan <ABoylan@anthonyostlund.com>
**Subject:** RE: Strategic Energy Concepts, LLC v. Otoka Energy, LLC, et al./Dean Street Capital Advisors, LLC v. Otoka Energy, LLC, et al.

Steve,

Thanks for taking the laboring oar on this. My apologies for the delay in responding. I have attached drafts of the stipulations and proposed orders with Defendants' combined proposed edits in track changes. The purpose of the edits are twofold: One, to clarify that an impasse, if any, must be declared by the mediator and cannot be unilaterally

1

**EXHIBIT B**

declared by any one party. Two, to simplify the documents to ensure that each party has the flexibility and autonomy to bring the appropriate representative of their choice to attend the mediation. Please let us know if these proposed changes are acceptable to the plaintiffs.

Thanks,
Maggie

---

**From:** Steven C. Kerbaugh [mailto:SKerbaugh@anthonyostlund.com]
**Sent:** Tuesday, July 18, 2017 1:47 PM
**To:** Bartsch, Eric A.; Dalton, Maggie E.; Pieper, Andrew J.; 'BPoley@winthrop.com'; 'scarnathan@ocmlaw.net'
**Cc:** Arthur G. Boylan
**Subject:** RE: Strategic Energy Concepts, LLC v. Otoka Energy, LLC, et al./Dean Street Capital Advisors, LLC v. Otoka Energy, LLC, et al.

All:

Following up, do the attached meet your approval?

Regards,

Steve

AnthonyOstlund
BAER & LOUWAGIE

**Steven C. Kerbaugh** | Attorney, Shareholder
**Anthony Ostlund Baer & Louwagie P.A.**
90 South 7th Street, Suite 3600 | Minneapolis, MN 55402
P 612.349.6969 | F 612.349.6996

website | bio | my LinkedIn | vCard | map | email 

Assisted by: Deanna Stower | 612.492.8232 | dstower@anthonyostllund.com

This email may contain confidential and/or private information.
If you received this email in error please delete and notify sender.

---

**From:** Steven C. Kerbaugh
**Sent:** Friday, July 14, 2017 2:39 PM
**To:** 'Eric A. Bartsch (eric.bartsch@stoel.com)' <eric.bartsch@stoel.com>; 'Margaret E. Dalton (maggie.dalton@stoel.com)' <maggie.dalton@stoel.com>; Pieper, Andrew J. (andrew.pieper@stoel.com) <andrew.pieper@stoel.com>; 'BPoley@winthrop.com' <BPoley@winthrop.com>; 'scarnathan@ocmlaw.net' <scarnathan@ocmlaw.net>
**Cc:** Arthur G. Boylan <ABoylan@anthonyostlund.com>
**Subject:** Strategic Energy Concepts, LLC v. Otoka Energy, LLC, et al./Dean Street Capital Advisors, LLC v. Otoka Energy, LLC, et al.

Counsel:

Attached for your review and approval are stipulations and proposed orders that we propose filing in the above referenced matters in light of the scheduled mediation. Please let Art and me know if you have any questions or comments. If we have approval to e-sign your names and file, please let us know that as well.

Regards,

Steve

2



**Steven C. Kerbaugh** | Attorney, Shareholder

**Anthony Ostlund Baer & Louwagie P.A.**
90 South 7th Street, Suite 3600 | Minneapolis, MN 55402
P 612.349.6969 | F 612.349.6996

website | bio | my LinkedIn | vCard | map | email 

Assisted by: Deanna Stower | 612.492.8232 | dstower@anthonyostllund.com

This email may contain confidential and/or private information.
If you received this email in error please delete and notify sender.

---

CONFIDENTIALITY STATEMENT
This electronic message contains information from the law firm of Anthony Ostlund Baer & Louwagie P.A., and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender's postmaster immediately by reply e-mail (postmaster@anthonyostllund.com) or telephone at 612-349-6969.

3

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dean Street Capital Advisors, LLC,

Case No. 17-CV-01781 (RHK/DTS)

Plaintiff,

v.

**STIPULATION TO STAY ACTION
PENDING MEDIATION**

Otoka Energy, LLC; Buena Vista Biomass
Development, LLC; Buena Vista Biomass
Power, LLC; Amador Biomass, LLC;
State Street Bank and Trust Company; and
Antrim Corporation,

Defendants.

WHEREAS, Plaintiff Dean Street Capital Advisors, LLC ("Dean Street") and

Defendants Otoka Energy, LLC, Buena Vista Biomass Development, LLC, Buena Vista

Power, LLC, Amador Biomass, LLC,[1] State Street Bank and Trust Company, and Antrim

Corporation[2] have agreed to early private mediation on August 7, 2017 with Judge John

Borg (Retired) in an effort to resolve the claims and defenses at issue in this litigation;

WHEREAS, the parties thus agree that there is good cause to extend the deadline

for the Defendants to move, answer or otherwise respond to the Complaint (Dkt. #1) in

this matter; and

---

[1] Collectively, Defendants Otoka Energy, LLC, Buena Vista Biomass Development, LLC, Buena Vista Power, LLC, and Amador Biomass, LLC are referred to herein as the "Otoka Defendants."

[2] Collectively, Defendants State Street Bank and Trust Company, and Antrim Corporation are referred to herein as the "State Street Defendants."

## EXHIBIT C

WHEREAS, the parties further agree that there is good cause to stay this litigation, including any discovery, pending that mediation;

NOW THEREFORE, Dean Street, the Otoka Defendants, and the State Street Defendants, through their undersigned counsel, hereby stipulate and agree as follows:

1.     Counsel who will actually try the case and ~~a representative of~~ each party, ~~armed~~ with ~~full~~ settlement authority, shall attend mediation with Judge John Borg (Retired) on August 7, 2017. ~~In addition to counsel, each party must arrange for the in-person attendance of a person with full authority to engage in settlement discussions (i.e., a person who has the power to change that party's settlement position during the course of the mediation) at the mediation.~~

2.     This litigation, including any and all discovery, shall be stayed until an impasse is declared ~~by the mediator~~ following the August 7, 2017 mediation in the event that the parties do not resolve this matter.

3.     Defendants, without waiver of any defenses or counterclaims, shall have through and including 14 days after the declaration of an impasse ~~by the mediator~~ following the August 7, 2017 mediation to move, answer or otherwise respond to the Complaint.

4.     The parties stipulate to entry of an order so providing.

Dated: July 19, 2017~~July 18, 2017~~

**ANTHONY OSTLUND BAER &
LOUWAGIE P.A.**

By: *s/ Arthur G. Boylan*
  Arthur G. Boylan (#338229)
  aboylan@anthonyostlund.com
  Steven C. Kerbaugh (#0390429)
  skerbaugh@anthonyostlund.com
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 349-6969
Facsimile: (612) 349-6996

**ATTORNEYS FOR PLAINTIFF**

Dated: July 19, 2017~~July 18, 2017~~

**STOEL RIVES LLP**

By: _____
  Eric A. Bartsch (#243723)
  Margaret E. Dalton (#387357)
  Andrew J. Pieper (#389262)
33 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 373-8800
Facsimile: (612) 373-8881
eric.bartsch@stoel.com
maggie.dalton@stoel.com
andrew.pieper@stoel.com

**ATTORNEYS FOR THE OTOKA
DEFENDANTS**

3

Dated: July 19, 2017~~July 18, 2017~~                    **WINTHROP & WEINSTINE P.A.**

By: _____
     Brooks F. Poley (#0185139)
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
bpoley@winthrop.com

**ATTORNEYS FOR THE STATE
STREET DEFENDANTS**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Dean Street Capital Advisors, LLC,

        Plaintiff,

v.

Otoka Energy, LLC; Buena Vista Biomass
Development, LLC; Buena Vista Biomass
Power, LLC; Amador Biomass, LLC;
State Street Bank and Trust Company; and
Antrim Corporation,

        Defendants.

Case No. 17-CV-01781 (RHK/DTS)

**[PROPOSED] ORDER TO STAY
ACTION PENDING MEDIATION**

---

Pursuant to the Stipulation to Stay Action Pending Mediation (ECF No. ___),

entered into by the parties, **IT IS HEREBY ORDERED** that the Stipulation (ECF No.

___) is **ADOPTED.**

    1.    Counsel who will actually try the case and a representative of each party,

~~armed~~ with ~~full~~ settlement authority, shall attend mediation with Judge John Borg

(Retired) on August 7, 2017. ~~In addition to counsel, each party must arrange for the in-~~

~~person attendance of a person with full authority to engage in settlement discussions (i.e.,~~

~~a person who has the power to change that party's settlement position during the course~~

~~of the mediation) at the mediation.~~

    2.    This litigation, including any and all discovery, shall be stayed until an

impasse is declared by the mediator following the August 7, 2017 mediation in the event

that the parties do not resolve this matter.

3.    Defendants, without waiver of any defenses or counterclaims, shall have through and including 14 days after the declaration of an impasse by the mediator following the August 7, 2017 mediation to move, answer or otherwise respond to the Complaint.

Dated:_____    _____
                                 Honorable David T. Schultz
                                 United States Magistrate Judge
                                 District of Minnesota

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dean Street Capital Advisors, LLC,

         Plaintiff,

v.

Otoka Energy, LLC; Buena Vista Biomass
Development, LLC; Buena Vista Biomass
Power, LLC; Amador Biomass, LLC;
State Street Bank and Trust Company; and
Antrim Corporation,

         Defendants.

Case No. 17-CV-01781 (RHK/DTS)

**[PROPOSED] ORDER TO STAY
ACTION PENDING MEDIATION**

**IT IS HEREBY ORDERED:**

1.      Counsel who will actually try the case and each party, armed with full

settlement authority, shall attend mediation with Judge John Borg (Retired) on August 7,

2017. In addition to counsel, each party must arrange for the in-person attendance of a

person with full authority to engage in settlement discussions (*i.e.*, a person who has the

power to change that party's settlement position during the course of the mediation) at the

mediation.

2.      This litigation, including any and all discovery, shall be stayed until an

impasse is declared by the mediator following the August 7, 2017 mediation in the event

that the parties do not resolve this matter.

3.      Defendants, without waiver of any defenses or counterclaims, shall have

through and including 14 days after the declaration of an impasse by the mediator

## EXHIBIT D

following the August 7, 2017 mediation to move, answer or otherwise respond to the

Complaint.

Dated:_____          _____

Honorable David T. Schultz
United States Magistrate Judge
District of Minnesota

2