UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Strategic Energy Concepts, LLC, | Court File No. 16-cv-00463 (MJD/BRT) |
| Plaintiff, | |
| v. | |
| Otoka Energy, LLC, Buena Vista Biomass Development, LLC, Buena Vista Biomass Power, LLC, Amador Biomass, LLC, State Street Bank and Trust Company, and Antrim Corporation, | **ESI DISCOVERY PROTOCOL** |
| Defendants. | |
| Dean Street Capital Advisors, LLC, | Court File No. 17-cv-01781 (MJD/BRT) |
| Plaintiff, | |
| v. | |
| Otoka Energy, LLC; Buena Vista Biomass Development, LLC; Buena Vista Biomass Power, LLC; Amador Biomass, LLC; State Street Bank and Trust Company; and Antrim Corporation, | |
| Defendants. | |

The parties, by counsel, agree to the following:

**1.    General Format of Production:** Subject to their obligations under the Federal Rules of Civil Procedure, the parties shall each produce relevant, responsive, and non-privileged/non-work product electronic documents electronically as: (a) Bates-stamped single-page Group IV TIFF images with corresponding extracted text or OCR;

94854040.1 0049057-00017

and (b) a Concordance.dat and opticon.opt file. The parties recognize that emergency circumstances might arise that would require a party to produce an electronic document or documents as Bates-stamped 300 dots per inch (dpi) searchable multi-page PDFs, if producing as TIFF images is not an option, but acknowledge that such PDF productions should be followed up as soon as reasonably practicable with replacement productions containing TIFF images. Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy and shall be named with the unique Bates Number of the page of the document in question, followed by the extension "TIF." File names should not be more than fifteen characters long or contain spaces or underscore symbols. Metadata shall be produced in a standard, delimited load file. All electronic production, whether in the foregoing format or in native format as described below, shall be produced to the receiving party on a CD-ROM, DVD, portable hard drive, or shared file site (*e.g.*, ShareFile or DropBox).

    **2.**    **Metadata.**  For electronic documents, an ASCII text file shall be produced setting forth the metadata fields listed in Appendix A. A party is not obligated to produce metadata from an electronic document if metadata does not exist in the document or if the metadata is not machine-extractable. For electronic documents redacted for privilege or to protect information under the work-product doctrine, metadata fields shall be redacted in accordance with the corresponding image.

3. **Document Unitization.** If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4. **Proportionality.** The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of review and production and to ensure proper ESI is preserved, the parties agree that within 21 days of agreement to this ESI Discovery Protocol, each party shall disclose in writing the search terms or queries, if any, that it proposes to use to locate ESI likely to contain discoverable information. The opposing party shall identify by email challenges to that list, identifying any specific search terms it believes should be searched or not searched, within 14 days after receiving the producing party's terms. The parties will work in good faith to reach agreement on search terms within 14 days after receipt of the requesting party's challenges. If no agreement is reached, the producing party must apply the requesting party's challenges, unless the producing party moves in good faith for relief from the Court within 21 days after receipt of the requesting party's challenges.

5. **Inaccessible ESI**: The parties agree that the circumstances of this case do not warrant the collection, search, preservation, review, or production of ESI that is not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources. Moreover, that remote possibility is substantially outweighed by

the burden and cost of collection, search, preservation and/or review and production of ESI from these sources. The parties agree that the following sources of ESI information do not warrant collection, search, review or production:

**(A)    Backup data, tapes, systems, and drives;**

**(B)    Unallocated space and fragments,** meaning that the parties are only interested in the collection of active data[1] and intact files, such as formats in Microsoft Word®, PowerPoint®, Excel®, and any other format that allows users to modify the data in a file. The parties do not seek collection of data in program (such as Operating System or Windows®) file folders that do not reflect or contain user-created data;

**(C)    Residual, damaged, permanently deleted, and slack data;**

**(D)    ESI from any other source excluded by agreement of the parties as outlined below.**

To the extent that a party excludes from production ESI from any other source on the basis that the source is not reasonably accessible due to undue cost or burden, the party shall identify the specific source at issue and provide information regarding the ESI believed to be contained on the source as well as an explanation of the burdens or costs involved in producing the ESI. This agreement would be without prejudice to the right of a requesting party to request additional information about specific ESI, including sources of ESI previously identified as "inaccessible ESI," if that party can

---

[1] According to The Sedona Conference® Glossary, E-Discovery & Digital Information Management, December 2007 Version.

demonstrate that material, relevant, and responsive information that is not otherwise cumulative of information already produced can only be found through such additional efforts. The parties will negotiate in good faith with regard to whether such additional efforts are reasonably required, with the Court to resolve such disputes if agreement cannot be reached.

6. **Redaction of Information:** No text will be provided for the portion of a document redacted for privilege or to protect information under the work product doctrine. Redactions to production images will feature the word "Redacted". OCR will be provided for the un-redacted portions of such documents. If any metadata field identified in Appendix A for such redacted documents contains information which is privileged or subject to the work product doctrine, that metadata field shall be redacted in accordance with the corresponding image. No other redaction of information shall be permitted without prior agreement of the parties or Court approval.

7. **Handling of Privileged and Work Product Matter:** Inadvertent production of matter subject to claims of privilege or of protection as trial preparation material shall be governed by the Protective Order entered in this action.

8. **Cooperation:** The parties shall, as necessary, meet and confer to exchange information regarding issues associated with any electronic production of discoverable ESI, including but not limited to procedures, privilege issues, issues involving redactions for privilege or for protection of information under the work product doctrine, search terms, and structure or document delivery mechanisms.

9. **Color Images:** Each party will accommodate reasonable requests for the production of specific images in color.

10. **Native Files:** Each party will produce Excel and PowerPoint files in native format. The parties reserve their rights to seek additional electronic documents in native format. Each party will accommodate reasonable requests for the production of specific documents in native format. Native files will be produced with a placeholder TIFF or PDF image. Each TIFF or PDF placeholder will contain the Bates number, confidentiality designation, and name of the native file.

11. **Databases:** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor proportional to the needs of the case. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. A party may also request a producing party to produce relevant and responsive information databases in an alternate form, such as a report or data table. Such reports or data tables will be produced in electronically readable and sortable format (*e.g.*, ASCII delimited files, or Excel spreadsheets). To the extent that relevant and responsive reports or data tables derived from a database were also maintained in static form (*e.g.*, as a PDF attachment, or a hard copy in a file), those documents will be produced as static images as well. The parties agree to identify the specific databases, by name and platform or engine (*e.g.*, Oracle, SQL), that may contain responsive information.

12. **Non-convertible Files:** Certain types of files such as system, program, video and sound files may not be amenable to conversion into anything meaningful in

TIFF or PDF format. Responsive, non-convertible files will be produced in the form of a placeholder TIFF or PDF image. Some examples of file types that may not convert include file types with the following extensions: *.exp *.ilk *.res *.trg *.t1h *.idb *.pdb *.pch *.opt *.lib *.cab *.mov *.mp3 *.swf *.psp *.chi *.chm *.com *.dll *.exe *.hlp *.ivi *.ivt *.ix *.msi *.nls *.obj *.ocx *.rmi *.sys *.tmp *.ttf *.vbx *.wav *.wpg *.iso *.pdb *.eps *.mpeg *.mpg *.ram *.rm *.psd *.ai *.aif *.bin *.hqx *.snd *.mpe *.wmv *.wma *.xfd *. Other files may not be able to be converted to TIFF or PDF due to password protection or corruption (for example). If reasonable efforts to obtain useful TIFF or PDF images of these files are unsuccessful, these non-convertible files will also be accounted for with a TIFF or PDF placeholder. Non-convertible files will be produced natively and with a placeholder TIFF or PDF image. Each TIFF or PDF placeholder will contain the Bates number, confidentiality designation and the name of the non-convertible file, including the file extension.

13. **Parent-child Relationships:** Parent-child relationships (the association between an attachment and its parent document) must be preserved and produced in a manner which allows these relationships to be identified.

14. **Redlines and Track Changes:** Documents which have been modified using software commands to track changes (redline, blackline, compare, comments) shall be imaged in such a way that the tracked modifications are visible on the image.

15. **Extraction of embedded files**: Data should be processed so as to extract embedded files, for example, MS Office, Adobe Acrobat, or Audio/Video documents that are saved and contained within other similar documents, in order to

allow each document to be imaged (or exported as a native file) and reviewed with all content available. However, reasonable efforts should be made to exclude from production large numbers of embedded graphic files and other small files that contain no substantive content separate from the main document.

**ANTHONY OSTLUND BAER & LOUWAGIE, P.A.**

Dated:  November 22, 2017

*s/Steven C. Kerbaugh*
Arthur G. Boylan (#338229)
Steven C. Kerbaugh (#0390429)
90 South Seventh Street, Suite 3500
Minneapolis, MN  55402
Telephone: 612-349-6969
Facsimile:  612-349-6996
aboylan@anthonyostlund.com
skerbaugh@anthonyostlund.com

**ATTORNEYS FOR PLAINTIFFS STRATEGIC ENERGY CONCEPTS, LLC AND DEAN STREET CAPITAL ADVISORS, LLC**

                                  **STOEL RIVES LLP**

Dated: November 22, 2017      *s/Andrew J. Pieper*
                                             Eric A. Bartsch (#243723)
                                             Margaret E. Dalton (#387357)
                                             Andrew J. Pieper (#389262)
                                             33 South Sixth Street, Suite 4200
                                             Minneapolis, MN  55402
                                             Telephone: 612-373-8800
                                             Facsimile:  612-373-8881
                                             eric.bartsch@stoel.com
                                             maggie.dalton@stoel.com
                                             andrew.pieper@stoel.com

                                             **ATTORNEYS FOR DEFENDANTS OTOKA ENERGY, LLC; BUENA VISTA BIOMASS DEVELOPMENT, LLC; BUENA VISTA BIOMASS POWER, LLC; AND AMADOR BIOMASS, LLC**

|  |  |
|---|---|
| | **O'CONNOR, CARNATHAN AND MACK LLC** |
| Dated:  November 22, 2017 | |
| | _s/Sean T. Carnathan_ |
| | Sean T. Carnathan (*pro hac vice*) |
| | 1 Van De Graaf Dr., Suite 104 |
| | Burlington, MA  01803 |
| | Telephone: 781-359-9002 |
| | Facsimile:  781-359-9001 |
| | scarnathan@ocmlaw.net |
| | |
| | -and- |
| | |
| | Brooks F. Poley (#0185139) |
| | Winthrop & Weinstine P.A. |
| | Suite 3500 |
| | 225 South Sixth Street |
| | Minneapolis, MN  55402 |
| | Telephone: 612-604-6400 |
| | Facsimile:  612-604-6800 |
| | bpoley@winthrop.com |
| | |
| | **ATTORNEYS FOR DEFENDANTS STATE STREET BANK AND TRUST COMPANY AND ANTRIM CORPORATION** |

# APPENDIX A

| METADATA FIELD | DESCRIPTION |
| --- | --- |
| BEGBATES | Beginning Bates number assigned to each document. |
| ENDBATES | Ending Bates number assigned to each document. |
| BEGATTACH | Beginning Bates number assigned to the group of documents to which the parent document and any attachment documents are associated. |
| ENDATTACH | Ending Bates number assigned to the group of documents to which the parent document and any attachment documents are associated. |
| DOCTYPE | Document type as identified by metadata associated with the native document indicating the application that created the native document (e.g., Google Docs, Microsoft Word 6.0, Gmail, Outlook Email, etc.). |
| TITLE OR FILENAME | The title, subject, or filename, in order of preference, of the document. |
| SUBJECT | The subject line of an e-mail as reflected in the metadata associated with the document |
| FROM | The sender of the document as reflected in the metadata associated with the document. |
| TO | The recipient of the document as reflected in the metadata associated with the document. |
| CC | Names of copied recipients of the document as reflected in the metadata associated with the |

| METADATA FIELD | DESCRIPTION |
| --- | --- |
| | document. |
| BCC | Names of recipients who received blind copies of the document as reflected in the metadata associated with the document. |
| CUSTODIAN | Name of the individual whose custodial file contained the document. |
| DATE/TIME SENT | The Date and Time Sent of the document (if applicable) formatted as follows: MM/DD/YYYY and HH:MM:SS with leading zeros as appropriate (e.g., 06/07/2009). |
| DATE/TIME RECEIVED | The Date and Time Received of the document (if applicable) formatted as follows: MM/DD/YYYY and HH:MM:SS with leading zeros as appropriate (e.g., 06/07/2009). |
| AUTHOR | The author of an electronic document as reflected in the metadata associated with the document |
| DATE/TIME CREATED | The Date and Time Created of the document as reflected in the metadata associated with the document, formatted as follows: MM/DD/YYYY and HH:MM:SS with leading zeros as appropriate (e.g., 06/07/2009). |
| DATE/TIME MODIFIED | The Date and Time Modified of the document formatted as follows: MM/DD/YYYY and HH:MM:SS with leading zeros as appropriate (e.g., 06/07/2009). |

13

| **METADATA FIELD** | **DESCRIPTION** |
|---|---|
| CONFSTATUS | The Confidentiality status of the document stated per the terms of any Protective Order entered in the current lawsuit |