# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

DEAN STREET CAPITAL ADVISORS, LLC,

      Plaintiff,

v.                                 **MEMORANDUM OF LAW & ORDER**
                                      Civil File No. 17-1781 (MJD/BRT)

OTOKA ENERGY, LLC, et al.,

      Defendants.

Arthur G. Boylan, Philip J. Kaplan, Norman H. Pentelovitch, and Peter J. McElligott, Anthony Ostlund Baer & Louwagie P.A., Counsel for Plaintiff Dean Street Capital Advisors, LLC.

Andrew J. Pieper, Eric A. Bartsch, and Margaret E. Dalton, Stoel Rives LLP, Counsel for Defendants Otoka Energy, LLC; Buena Vista Biomass Development, LLC; Buena Vista Biomass Power, LLC; and Amador Biomass, LLC.

This matter is before the Court on Plaintiff's Motion to Enter Final Judgment Pursuant to Rule 54(b). [Docket No. 155] The background facts of this case are set forth in detail in the Court's March 28, 2019 Order. [Docket No. 154]

On March 28, 2019, the Court granted the State Street Defendants' Motion for Summary Judgment and granted in part and denied in part the Otoka Defendants' Motion for Summary Judgment. The only remaining claim is Count

1

1: Breach of Contract against Defendants Otoka Energy, LLC ("Otoka"); Buena Vista Biomass Development, LLC ("BVBD"); and Amador Biomass, LLC ("Amador").

Plaintiff Dean Street Capital Advisors, LLC ("Dean Street") now requests that the Court enter final judgment on the claims that it dismissed. Dean Street asserts that it wishes to immediately appeal this Court's dismissal of its implied contract claims against the State Street Defendants. The Otoka Defendants oppose Plaintiff's motion.

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

"Before certifying that there is no just reason for delay under Rule 54(b), the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." Clos v. Corr. Corp. of Am., 597 F.3d 925, 928 (8th Cir. 2010) (citation omitted).

"[T]he district court must undertake a two-step analysis when deciding whether to certify an order under Rule 54(b)." Downing v. Riceland Foods, Inc., 810 F.3d 580, 585 (8th Cir. 2016). First, the Court "must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim." Id. (citation omitted). In this case, the parties agree that the Court is dealing with a final judgment: the Court's March 28, 2019 Order disposes of all claims that were dismissed.

> Second, the district court must determine whether a just reason for delay exists. In making such determination, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals. It is a long-standing rule of the Eighth Circuit that [c]ertification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.

Id. (citations omitted). The appellate court has

> identified several factors that should be considered in determining whether danger or hardship through delay exists:
>
> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay,

3

economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 585–86 (citation omitted). "Rule 54(b) certifications should neither be granted routinely nor as an accommodation to counsel." Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 774 (8th Cir. 2009) (citations omitted). The desire to "avoid the potential for multiple trial . . . and . . . inconsistent jury verdicts involving the same incident" is insufficient to distinguish a case from any other "civil action where some, but not all, of the defendants are dismissed before trial." Id. (citation omitted).

The Court concludes that the relevant factors weigh against granting a Rule 54(b) certification. First, the dismissed claims and the remaining breach of contract claim are interrelated. In the remaining breach of contract claim against BVBD, Amador, and Otoka, Dean Street seeks to obtain the $200,000 fee that BVBD orally committed to pay to Dean Street for Dean Street introducing State Street Bank and Trust Company ("State Street") to Strategic Energy Concepts, LLC ("Strategic Energy") and Otoka. In the dismissed breach of contract claim, Dean Street seeks to obtain the same $200,000 fee for the same purpose from Buena Vista Biomass Power, LLC ("BVBP"), State Street, and Antrim Corporation ("Antrim"). In the dismissed breach of covenant of good faith and

fair dealing claim, against all Defendants, Dean Street seeks the same $200,000 fee based on the same oral agreement.  In the dismissed quantum meruit claim, Dean Street seeks compensation from all Defendants based on an implied promise for the same action upon which the remaining breach of contract claim is based – introducing State Street to Strategic Energy and Otoka.  In the dismissed unjust enrichment claim, Dean Street seeks monetary compensation from all Defendants based on the same introduction, an act that was the subject of the oral agreement with BVBD and the basis for the remaining breach of contract claim.  In the dismissed promissory estoppel claim, Dean Street seeks payment of the same $200,000 fee from all Defendants based on the same oral promise that forms the basis of the remaining breach of contract claim.  Finally, in the dismissed account stated claim, Dean Street again seeks payment of the same $200,000 fee for the same services.  In sum, all of the claims present different legal theories by which Dean Street attempts to recover compensation from the same six Defendants for the same services – introducing State Street to Strategic Energy and Otoka – based on or related to the same oral promise made by BVBD.

Second, there is a possibility that the need for review might be mooted by future developments in the district court.  If Dean Street wins its breach of contract claim at trial, it clearly cannot pursue an alternate theory of recovery for the same promise, as the Court explained in the March 28, 2019 Order with respect to the unjust enrichment claim against all Defendants and the promissory estoppel claim against the Otoka Defendants.  If Dean Street recovers the $200,000 fee that it seeks in the breach of contract claim against Otoka, BVBD, and Amador, it might not seek to appeal the dismissal of claim seeking double recovery of the same fee under other theories and/or against other Defendants.

Third, if the Court were to certify the dismissal for immediate review, there would be the possibility that the Eighth Circuit would be obliged to consider the same issue a second time if a party appeals the ultimate outcome on the breach of contract claim against Otoka, BVBD, and Amador.  For example, the Eighth Circuit would twice consider whether the promise to pay Dean Street was conditioned on the payment of the Installment Payments.  This issue is relevant to the breach of contract claims against all Defendants, and, if the Eighth Circuit were to accept Dean's Street's legal theories, this issue would be relevant to the various other claims that are based on the same alleged promise.

The fourth factor, the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final, weighs in favor of certification because the judgment sought to be made final is a dismissal and not a monetary award.

Finally, the miscellaneous factors weigh against certification. Certifying the dismissal for appeal would cause extensive delay in the proceedings on the remaining claim. Additionally, the parties and court system would expend additional resources on an appeal on a complex matter while the prospect of a second appeal on overlapping issues looms years in the future.

In sum, the Court concludes that this is not a case in which Rule 54(b) certification is appropriate. There are no dangers of hardship or injustice posed by following the established course in which a final judgment is not entered until all of the claims are disposed of. The equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals, weigh strongly against premature certification. "[J]udicial economy will best be served by delaying appeal until all issues can be confronted by [the appellate] court in a unified package. Such a course is particularly desirable where [as here] the adjudicated and pending claims are closely related and stem

from essentially the same factual allegations." Huggins, 566 F.3d at 775 (citation omitted).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Plaintiff's Motion to Enter Final Judgment Pursuant to Rule 54(b) [Docket No. 155] is **DENIED**.

Dated:  July 30, 2019                              s/ Michael J. Davis
                                                              Michael J. Davis
                                                              United States District Court